IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION

| | |
|---|---|
| KEVIN WILSON,<br><br>Plaintiff,<br><br>vs.<br><br>C.O. GALLAHER, PAUL ENGLISH, RONALD MOONEY, DR. LAUREL R. HARRY,<br><br>Defendants, | Civil Action No.:<br>3:24-CV-00183-CBB<br><br>Christopher B. Brown<br>United States Magistrate Judge |

# MEMORANDUM ORDER[1] DENYING MOTION FOR TEMPORARY RESTRAINING ORDER, MOTION FOR PRELIMINARY INJUNCTION
# ECF No. 37

**Christopher B. Brown, United States Magistrate Judge**

Pending is a motion for temporary restraining order and motion for preliminary injunction filed by Plaintiff Kevin Wilson ("Wilson"), a state prisoner housed at SCI-Houtzdale. ECF No. 37. The motion is DENIED for the following reasons.

This case was initiated on August 5, 2024 by Wilson filing a motion for leave to proceed *in forma pauperis* which was granted and his complaint was filed at ECF No. 10. Thereafter, Wilson was granted leave to file an amended complaint and did

---

[1] All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq.*

1

so on December 9, 2024. ECF No. 15.  In his amended complaint, he names four defendants: Gallaher, a security officer at SCI-Houtzdale; Ronald Mooney, an intelligence captain at SCI-Houtzdale; Paul English, a security lieutenant at SCI-Houtzdale; and Dr. Laurel R. Harry, the secretary of Pennsylvania's Department of Corrections. ECF No. 15 at ¶¶ 6-9.  In his amended complaint, Wilson alleges he was subject to a cell and strip search and Gallaher destroyed personal property and legal documents Wilson was going to use during another civil rights lawsuit, in retaliation for filing the civil rights lawsuit. ECF No. 15 at ¶¶ 11-72.  All Defendants have been served and filed a pending motion to dismiss Wilson's amended complaint. ECF No. 29.  The Court issued a briefing order indicating that Wilson must file a response to the motion to dismiss or may amend his complaint by May 14, 2025. ECF No. 31.  Wilson responded to the motion to dismiss on April 15, 2025. ECF No. 36.

On May 16, 2025, Wilson filed a motion for temporary restraining order and preliminary injunction. ECF Nos. 37 & 38.  In his filing, Wilson claims when he was in the law library on an unspecified date, presumably between October 1, 2024 when he filed his complaint and December 9, 2024 when he filed his amended complaint.  *See* ECF Nos. 10, 15.  It was then he was typing his amended complaint to add new defendants that an inmate worker in the library monitored his computer and saw him add Defendants English, Mooney and Harry to this lawsuit and informed the law librarian who then informed the security office at SCI-Houtzdale. ECF No. 37 at ¶¶ 2-8.  Wilson claims he filed a grievance about this incident on

December 5, 2024 which was later dismissed, and alleges it was dismissed in retaliation for filing lawsuits. *Id*. at ¶¶ 9-12.  He added that he wants to access his "deleted files," wants the retaliation against him to stop and wants the inmate worker transferred to another institution and not permit him to work in the library. *Id*. at ¶ 13.  The motion for temporary restraining order and preliminary injunction was signed and dated on April 7, 2025, *i.e.* four months later.

Wilson's request for injunctive relief fails, as he has not articulated immediate and irreparable injury, loss or damage warranting immediate action.[2] Fed. R. Civ. P. 65(a) (preliminary injunction); Fed. R. Civ. P. 65(b)(1)(A) (temporary restraining order).  Instead, Wilson only alleges vague and conclusory allegations that he suffered harm because his amended complaint was sent to the SCI-Houtzdale security office before he could serve the new defendants. ECF No. 38 at 1. That his proposed amendment became the subject of interest to a jailhouse informant and, perhaps correctional staff, before it was filed and served is not the type of irreparable injury, loss or damage that Fed. R. Civ. P. 65 was enacted to prevent. *See Drumgo v. Funk*, No. 3:20-CV-01829, 2023 WL 2287727, at *4 (M.D. Pa. Jan. 26, 2023), *report and recommendation adopted*, No. 3:20-CV-01829, 2023 WL 2249972 (M.D. Pa. Feb. 27, 2023) (generalized harassment, retaliation, threats

---

[2]    A party seeking injunctive relief must show "(1) a reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured ... if relief is not granted.... [In addition,] the district court, in considering whether to grant a preliminary injunction, should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest." *Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017) (cleaned up).  If the moving party does not establish either of the first two factors, they are not entitled to injunctive relief. *Id*.

of poisoning and destroying paperwork by corrections officers, and cell searches did not state an existing actual threat of irreparable injury and did not support injunctive relief) (collecting cases).  Indeed, Wilson has not been prevented from litigating this action and is actively doing so, as demonstrated by his filing of the Amended Complaint on December 9, 2024 as well as numerous other filings since. His litigation over the past four months makes clear that the harm he seeks to redress is anything but irreparable and, as a result, the motion fails.

Accordingly,

IT IS HEREBY ORDERED that Wilson's motion for temporary restraining order, for preliminary injunction ECF No. 37 is DENIED.

SO ORDERED this 28th day of May, 2025.

BY THE COURT:

s/Christopher B. Brown
United States Magistrate Judge

cc:   KEVIN WILSON
      KU3715
      SCI HOUTZDALE
      P.O. Box 1000
      209 Institution Drive
      Houtzdale, PA 16698-1000

      Counsel of record via CM/ECF electronic filing

4